*74
 
 Battle, J.
 

 The counsel for the defendants contend, that their defence is fully sustained by the authority of the case of the
 
 State
 
 v.
 
 Black,
 
 9, Ire. Rep. 378. That was an indictment against the defendants for playing at cards together, and betting money thereon, in a house situate on premises, occupied by one Marshall S. Black, in which he retailed spirituous liquors. From the testimony, it appeared that there were two adjoining lots owned by the same person, both fronting on the same street of a village. The owner occupied both as one tenement; his dwelling-house being on one of them, and on the other, there was a store or shop, situate on the front line, while there were a barn and stables on the back line. The shop was let to Marshall S. Black, who retailed merchandise and spirituous liquors therein ; but the owner continued to occupy all the other parts of both lots, including the barn and stables. The gaming was carried on in the barn; and the Court held that it was not within the statute; that the place of gaming, and the place of retailing, must be the same house, or, at the least, parts of the same establishment; and the “ premises” mean those places only which are occupied by the retailer with the house in which he retails, as one whole, and, so, could not include a house not occupied by him, nor let to him.
 

 The counsel for the State, endeavored to distinguish that case from the present, by the fact, that there, the house in which the gaming was carried on, was entirely separate and distinct from the one in which the spirituous liquors were retailed, the two being so little connected with each other, both in position and occupancy that, as was said by the Court, “ the barn could not be laid as Marshall Black’s, in an indictment for burglary or arson.” But in the present case, the counsel insists that the room, in which the offense of gaming was committed, was part of the building occupied as a tavern; and that though it was let by the landlord to another person as a shoe-shop, it was regarded by the law as still in the occupation of the landlord, and might be described to be his house in an indictment for burglary; and for this, he cited
 
 2
 
 East.
 
 *75
 
 P. C. 507; 2 Enes, on Cr. 15, and several other authorities. The positions of the counsel, in relation to an indictment for burglary, may possibly be true, but we do not think that is the true test for ascertaining whether the indictment for gaming can be sustained. The section of the chapter of the Revised Code, which immediately follows that upon which the present indictment is founded, (see Rev. Code, chap. 34, sec. 76,) makes the keeper of the tavern, or the retailer, indictable for knowingly permitting the gaming, “ in every such house, or any part of the premises occupied therewith.” From this, the inference is irresistable, that other persons cannot be found guilty of unlawful playing at cards in a room, or other place, over which the landlord or retailer has no control, and for which, therefore, he could not be indicted. Such, we understand, from the bill of exceptions, is the case now before us. The room in -which the gaming occurred was, at the time, in the occupation and under the exclusive control of another person, to whom the keeper of the tavern had let it for a shoe-shop by the month. It was in the basement of the house, and was used, as we know that in many places, basement rooms are often used, for purposes entirely foreign to those of tavern keeping. After he had rented it, the landlord had no further control over it during the continuance of the lease; nor with reference to that, had he any control over the lessee, merely because he and his wife were boarders. Had that, or any other part of the tavern, been let by collusion for the purpose of a gaming establishment, then it might not have been protected from the operation of the statute, and both the landlord and the players, and betters, might have been indicted. There is no suggestion of any such collusion in this case, and we are of opinion that the defendants have been wrongfully convicted, and are, therefore, entitled to a new tidal.
 

 PeR Cueiam, Judgment reversed'»